UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

YUSNIEL ROSALES-CARMENATE,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:26-cv-503

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.  Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.30–31.) In an Order entered on February 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested

by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on February 20, 2026, (ECF No. 5), and Petitioner filed his reply on February 24, 2026, (ECF No. 6).

The day before Respondents filed their response, the San Antonio, Texas Immigration Court entered an order that drastically changed Petitioner's situation—at least from Respondents' perspective. The Immigration Court reopened Petitioner's immigration proceedings, proceedings that had otherwise been resolved years before by the entry of a removal order that was final. Respondents had responded to the habeas petition accordingly, contending that Petitioner was properly detained under the authority of 8 U.S.C. § 1231. That statutory section is not applicable to "reopened" proceedings. For that reason, Respondents moved for leave to file an amended response in opposition to the petition for writ of habeas corpus (ECF No. 7), attaching the proposed response with exhibits. The Court will grant Respondents' motion to file an amended response. The Court will consider the proposed amended response as Respondents' response to the petition.

Fortunately, because Petitioner's immigration proceedings have been reopened, it returns the opposing positions of the parties to exactly the point that was addressed in the petition. Petitioner contends that his detention is governed by 8 U.S.C. § 1226(a) and Respondents contend that Petitioner's detention is governed by 1225(b). That has been the starting position for hundreds of these disputes considered by the Court over the last six months. No further replies or responses are necessary.

## II.  Factual Background

Petitioner is a native and citizen of Cuba. (Pet., ECF No. 1-1, PageID.15; Notice to Appear (NTA), ECF No. 5-2, PageID.58.) Petitioner applied for admission to enter the United States at the Port of Entry in Laredo, Texas, on May 30, 2009. (NTA, ECF No. 5-2, PageID.58.) The Immigration and Naturalization Service (INS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act

(INA) because Petitioner was an immigrant "who, at the time of application for admission, [was] not in possession of a valid unexpired [immigration or travel document]." (*Id*.) Petitioner requested political asylum. (Form I-213, ECF No. 5-1, PageID.53.) The INS authorized Petitioner's parole into the United States for a period of one year pending removal proceedings. (*Id*., PageID.54.)

Petitioner was scheduled for a hearing in the San Antonio, Texas, Immigration Court on April 30, 2013. (Memorandum and Order, ECF No. 5-3, PageID.60.) He did not appear. (*Id*.) Petitioner was ordered removed from the United States to Cuba. (Id., PageID.61.)

ICE arrested Petitioner on June 24, 2018. (Form I-213, ECF No. 5-4, PageID.64.) Petitioner was placed under an order of supervision and released. (*Id*.; Order of Supervision, ECF No. 5-5, PageID.67–70.)

On January 14, 2026, Petitioner appeared for his yearly ICE check-in in Grand Rapids, Michigan. (Pet., ECF No. 1-1, PageID.16.) He was immediately detained and then transferred to the North Lake Processing Center. (*Id*.) On January 24, 2026, ICE conducted an informal interview with Petitioner regarding revocation of release. (ECF No. 5-7.) Thereafter, ICE provided Petitioner with a written notice of revocation of release. (Notice, ECF No. 5-6.)

A few weeks later, the Immigration Court entered the order reopening Petitioner's immigration proceedings.

**III.     Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

IV.  **Jurisdiction**

Respondents argue that three provisions of the INA divest this Court of jurisdiction over Petitioner's habeas action: 8 U.S.C. § 1252(e)(3), 8 U.S.C. § 1252(g), and 8 U.S.C. § 1252(b)(9).

The Court concludes that § 1252(e)(3), § 1252(g), and § 1252(b)(9) do not preclude the Court's review of Petitioner's § 2241 petition for the reasons set forth in the Court's jurisdiction analysis in each of the following cases: *Avila Maltos v. Noem*, No. 1:25-cv-1299, 2025 WL 3550605, at *2–3 (W.D. Mich. Dec. 11, 2025); *Aguilar-Duran v. Unknown Party*, No. 1:25-cv-1418, 2025 WL 3458572, at *2–3 (W.D. Mich. Dec. 2, 2025); *Flores Garcia v. Noem*, No. 1:25-cv-1387, 2025 WL 3458531, at *2–3 (W.D. Mich. Dec. 2, 2025); *Hernandez Lopez v. Raycraft*, No. 1:25-cv-1412, 2025 WL 3290655, at *2–3 (W.D. Mich. Nov. 26, 2025).

V.  **Exhaustion**

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-

4

cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## VI. Merits Discussion

### A. Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[1]

### B. Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner received notice of the removal charges, has access to counsel, may request hearings with an immigration judge, may

---

[1] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit. At this time, this non-binding case does not change the Court's analysis.

request bond, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

### VII. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### VIII. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's Opinion and Judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[2] The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the

---

[2] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.

Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

Dated:    March 9, 2026                      /s/ Jane M. Beckering
                                                                         Jane M. Beckering
                                                                         United States District Judge