UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

YUSNIEL ROSALES-CARMENATE,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-503

Honorable Jane M. Beckering

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by United States Immigration and Customs Enforcement (ICE) at the North Lake Processing Center located in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on March 9, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 9, 10.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (*Id*.) On March 17, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 11; Bond Order, ECF No. 11-1.)

More than two months later, on May 29, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 12.) In the motion, Petitioner states that he was denied

bond at the bond hearing, and he argues that the Immigration Judge improperly concluded that Petitioner was a danger. In light of this, Petitioner asks this Court to order his immediate release from custody. (Pet'r's Br., ECF No. 12-1, PageID.184–185.) Moreover, Petitioner asks the Court to enter a temporary restraining order that precludes Respondents from deporting Petitioner during the pendency of his motion to enforce judgment.

Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's prior Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's prior Opinion and Judgment. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's prior Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

Accordingly, Petitioner's motion to enforce judgment (ECF No. 12) is denied. Petitioner's motion for temporary restraining order pending resolution of the motion to enforce judgment (ECF No. 13) is denied as moot.

**IT IS SO ORDERED**.


Dated:      June 2, 2026                                      /s/ Jane M. Beckering
                                                             Jane M. Beckering
                                                             United States District Judge

2